29   467|
89   319|

SAMUEL A. LEE, Defendant in Error, v. JOHN A. DUNN, Plaintiff in Error.

St. Louis Court of Appeals, February 28, 1888.

1. PRACTICE—AMENDED STATEMENT.—In a suit commenced before a justice of the peace for a "balance on settlement," with interest, it was not erroneous for the circuit court, on appeal, to refuse to strike out an amended statement giving the items of the account and showing the same balance originally sued for.

2. ———, APPELLATE—REFERENCE BY CONSENT OF PARTIES.—Where the record shows that the cause was referred by agreement of the parties, objections to the order of reference will not be heard in the appellate court.

3. ——— ——— REFEREE'S RULINGS.—Where the referee's report does not show what were his rulings on the admission or exclusion of testimony, it will be presumed that he duly considered all the legal evidence offered, and that his findings were based thereon.

4. ——— ——— WEIGHT OF EVIDENCE.—The referee's finding being supported by substantial testimony, it cannot be reviewed on the weight of the evidence.

ERROR to the Wayne Circuit Court, HON. JOHN G. WEAR, Judge.

*Affirmed.*

WILLIAM N. NALLE, for the plaintiff in error : (1) The amended statements were departures one from the other, and the last was an abandonment of the original one, and a new cause of action in itself. (2) The non-suit taken was voluntary and unnecessary, and ought not to have been set aside. Rev. Stat., sec. 3556, and note (w) of cases, 32 Mo. 542 ; 57 Mo. 329 ; 21 Mo. 93 ; 54 Mo. 415 ; 60 Mo. 17. (3) The withdrawal of the submission to the jury, by the circuit court, was without warrant. Const. of Mo., art. 2, sec. 28 ; Rev. Stat., secs. 3602, 3606, and note (i) cases, 26 Mo. 386 ; 55 Mo. 293. (a) There must be a failure to consent, "before

submission ; then there must be a long account," etc.
The right of trial by a jury when once settled and
yielded, as in this case, may not be taken away.   (4) The
order of the court referring the case was void for uncer-
tainty also.   It should have specified, particularly, what
the referee had to do.   (5) The referee's report is based,
solely, upon the evidence of the defendant in error, to
the total exclusion of the objections of plaintiff in error
thereto.   (6) There is nothing in the report which the
statute requires or called for by the reference.   Rev.
Stat., sec. 3621, and note (e) with authorities cited, 59
Mo. 437.   (7) The judgment is not supported by the
record, or the proofs, or the findings.

SETTLE & BUGG, for the defendant in error.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff recovered judgment in the circuit court
for one hundred and six and eighty one-hundredths
dollars.   The defendant, appealing, assigns for error the
rulings of the court in refusing to strike out plaintiff's
amended statement, in referring the cause after a jury
was impaneled for its trial, and in overruling his excep-
tions to the referee's report.

The action was instituted before a justice of the
peace on the following statement :

" John Dunn to A. Lee, Dr.

" To balance on settlement. . . . . . . . . . . . .$121.94
Interest on same for two years and eight
  months at six per cent. . . . . . . . . . . . .   19.84

   Total. . . . . . . . . . . . . . . . . . . . . . . . . . . .$141.78 "

Upon appeal in the circuit court, the plaintiff filed
an amended statement setting out the full account
between himself and the defendant, showing a balance
of $121.94 due the plaintiff, and claiming a settlement.

The defendant moved to strike out this amended
statement on the ground that it was a departure from
the original cause of action, and that the amended state-
ment contained other and different items from those em-

braced in the original statement. No evidence was offered in support of this motion. The amount sued for was the same and there is nothing in the record to indicate that the cause of action is not identical. The motion was properly overruled.

The bill of exceptions recites : "This cause coming on to be heard, a jury was empaneled, and the trial submitted to the jury, and pending said trial the court, of its own motion, set aside said submission, discharged the jury, and ordered the cause to be sent to a referee for hearing. Thereupon the parties consented to the appointment of Richard E. Buehler as referee." No objection is shown to have been made at the time to this action of the court.

The record proper recites : "By agreement of parties the cause is referred to Richard E. Buehler." These recitals show that the defendant is not in a position to complain of the action of the court in order-ing a reference of the cause, regardless of the question whether the action was one which the court was empow-ered by the statute to refer on its own motion.

The referee heard the evidence and reported to the court that plaintiff was entitled to recover of the defend-ant the sum of one hundred and six and eighty one-hundredths dollars, and the court rendered judgment accordingly.

Exceptions were filed to the referee's report on the ground that he admitted illegal testimony for the plain-tiff and excluded legal testimony offered by the defend-ant, and that his findings were against the evidence and weight of evidence. The referee's report of the testi-mony, which forms part of the record, fails to show that he erred in either particular. It does appear that certain testimony offered by plaintiff was objected to, but it nowhere appears that the referee admitted or considered it. It does appear that certain testimony offered by defendant was objected to, but it nowhere appears that the referee excluded it. In that state of the record the presumption is, that the referee's finding

is based only on legal evidence offered by plaintiff, and that he did consider all legal evidence offered by the defendant. It is incumbent upon the party who complains of error to show such error.

There is substantial evidence to support the referee's finding, and as his finding is in the nature of a special verdict, it cannot be reviewed in this court on the sole ground that it is opposed to the weight of the evidence. *Kennard v. Peck*, 19 Mo. App. 344; *Hornblower v. Crandall*, 7 Mo. App. 220; s. c., affirmed, 78 Mo. 581.

Judgment affirmed.     Judge Thompson concurs. Judge Lewis is absent.